IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EUGENE WARE,        )<br>      Petitioner,        )<br>  )<br>vs.        )<br>  )<br>NATHANIEL QUARTERMAN, Director,        )<br>Texas Department of Criminal        )<br>Justice, Correctional Institutions Division,        )<br>      Respondent.        ) | No. 3:07-CV-2091-B (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction in Cause No. F01-00333 in the Criminal District Court No. 1 of Dallas County, Texas. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

According to petitioner, he was convicted of assault and sentenced on March 8, 2001, to 50 years' incarceration. The jury charge in Cause No. F01-00333 (attached to petitioner's habeas petition as Exhibit B) instructed the jury that petitioner was "charged by indictment with the offense of family violence assault causing bodily injury on or about the 30th day of April, 2000, in Dallas County, Texas after having previously been convicted of an assault offense

against a member of the defendant's household." The jury verdict found petitioner "guilty of assault against a member of the defendant's household, having previously been convicted of an assault against a member of the defendant's household."

Petitioner's conviction was affirmed on appeal on November 15, 2002.[1] The Fifth Court of Appeals noted that petitioner appealed two convictions -- domestic assault, enhanced with a previous conviction for domestic assault, and aggravated assault -- and that the jury found petitioner guilty of both crimes, made a finding of true as to two enhancements paragraphs in each indictment, and assessed punishment in each case at 50 years' imprisonment.

Petitioner did not file a petition for discretionary review (PDR). Petitioner states that he filed a state habeas application challenging his conviction in Cause No. F01-00333. The records of the Texas Court of Criminal Appeals indicate that petitioner filed a state habeas petition challenging Cause No. F01-00332 out of Criminal District Court No. 1. *See* http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=250676 (WR-67,186-01). The state habeas application was received by the Texas Court of Criminal Appeals on March 21, 2007, and denied on April 25, 2007, without written order on the findings of the trial court without a hearing.

Petitioner filed the instant petition on December 4, 2007, the date he certified he placed it in the prison mail system. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

---

[1] See *Ware v. State*, Nos. 05-01-00465-CR and 05-01-00466-CR (Tex. Ct. App. Dallas, November 15, 2002), http://5thcoa.courts.state.tx.us/FILES/05/01/05010465.HTM.

Petitioner asserts that (1) his sentence exceeded the statutory authority because he was only convicted of a state jail felony assault; (2) he is actually innocent because there were no fingerprints or DNA evidence; and (3) the AEDPA is unconstitutional.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Further, petitioner has failed to present any argument that he should be

3

permitted to proceed under subparagraph (D). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the date petitioner's conviction became final.

In this case, petitioner appealed his conviction but filed no PDR. The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its judgment on November 15, 2002. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Petitioner's state judgment of conviction became final on December 15, 2002.

Because petitioner filed his petition more than one year after his conviction became final on December 15, 2002, a literal application of § 2244(d)(1) renders his December 4, 2007 filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition in 2007, the statutory limitations period had already expired. Accordingly, the statutory tolling provision does not save petitioner's December 4, 2007 federal petition. In addition, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same).

Because neither statutory nor equitable tolling save petitioner's December 4, 2007 filing, his federal habeas petition was filed outside the statutory period of limitations and should be deemed untimely.

### III. EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 5th day of March, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE